UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEWIS ALTMAN, JR.,

    Petitioner,

    v.                                   Case No. 97-C-0445

GARY McCAUGHTRY,

    Respondent.

ORDER DENYING CERTIFICATE OF APPEALABILITY, CONFIRMING DENIAL OF MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES, AND CERTIFYING THAT APPEAL IS NOT TAKEN IN GOOD FAITH

At the end of 1998, this court dismissed Lewis Altman, Jr.'s habeas case at his request and entered final judgment. Altman's early 1999 motion to alter or amend the judgment and 2003 motion to reopen the case were thereafter denied. Then, over seventeen years after entry of judgment, in June 2016 Altman asked the court to review his case and excuse any procedural default. Altman's motion discussed the merits of his ineffective-assistance-of-counsel claim and referred to two Supreme Court cases, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), concerning the ability of a habeas petitioner to establish cause for a procedural default through the ineffective assistance of counsel in collateral proceedings. The court denied the motion for review on October 18, 2016, stating:

> Altman's case was dismissed almost twenty years ago. Not only does there appear to be no legal basis for reopening his case under *Martinez* and *Trevino*, but the court has twice denied his requests to reopen. Moreover, Altman's lengthy delay cannot be ignored. This case terminated long ago and should remain closed.

(Doc. 25.)

Within two weeks of that denial, Altman filed a motion for reconsideration, contending that the court failed to apply the correct principles from *Martinez*, *Trevino*, and a Ninth Circuit decision and failed to address the contents of his "Martinez motion." The motion for reconsideration was denied on November 17, 2016. The court remarked:

> No discussion of the holdings of *Martinez* and *Trevino* is required here. The first issue is whether this case, dismissed eighteen years ago, should be reopened—*not* whether there are legal arguments that the court could consider *if* the case were reopened. As stated in this court's October [18] order, *Martinez* and *Trevino* have nothing to say regarding whether an old habeas case should be reopened. Moreover, for valid reasons this court has twice denied Altman's requests to reopen and finality is important in this habeas context.

(Doc. 27 at 1–2.)

Altman appealed the court's two orders. He later filed a motion for leave to appeal without prepayment of the fees.

## CERTIFICATE OF APPEALABILITY

Before a habeas petitioner may appeal, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 327, 335–36 (2003). The requirement of a certificate of appealability applies not only regarding final judgments on the merits but also regarding denials of motions under Fed. R. Civ. P. 60(b) and dismissals of unauthorized successive attacks. *West v. Schneiter*, 485 F.3d 393 (7th Cir. 2007); *Sveum v. Smith*, 403 F.3d 447 (7th Cir. 2005).

If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Davis v. Borgen*, 349 F.3d 1027, 1028, 1029 (7th Cir. 2003). If the court denies the request for a certificate of appealability, it must state its reasons. Fed. R. App. P. 22(b)(1).

A certificate of appealability issues only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes a "substantial showing" by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The certificate of appealability determination is not a second assessment of the merits. *See Miller-El*, 537 U.S. at 327, 336. Instead, the determination requires only a threshold inquiry into the debatability of the district court's decision. *Id.* at 336. The petitioner need not demonstrate that the appeal will succeed. *Id.* at 337. A claim may be debatable even though every jurist, after full consideration of the merits of the case, would decide against the petitioner. *Id.* at 338; *see also Davis*, 349 F.3d at 1028 ("[C]ertificates properly issue in many cases in which the prisoner will fail on full merits review."). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 at 342.

When a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

3

Although neither Altman nor this court specifically identified the recent motions as being brought under Rule 60(b), that is how the court treated them. The court found no basis for any relief from the judgment. Motions under Rule 60(b)(1), (2), and (3) must be made within a year, and those under Rule 60(b)(4), (5), and (6) must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Under any Rule 60(b) provision, then—mistake, inadvertence, inequitable prospective application or "any other reason" justifying relief—Altman filed his motions at least more than a decade too late. Even his request to reopen was filed three years after the "new" case law he wanted the court to consider. Reasonable jurists would all have denied these Rule 60(b) motions and, more importantly for present purposes, would not find those denials worthy of debate. *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[A] movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment. Such circumstances will rarely occur in the habeas context." (citations omitted)); *West*, 485 F.3d at 395 (highlighting the same). Because reasonable jurists would not debate this procedural ruling, the court need go no further to address the content of Altman's motions.

To the extent Altman might argue that this court erred in construing his filings as Rule 60(b) motions rather than second or successive petitions, *see Gonzalez*, 545 U.S. at 528–36, 538; *Sveum*, 403 F.3d at 448, reasonable jurists could debate that procedural treatment.[1] However, such an error would not implicate the denial of any *constitutional* right, as required

---

[1] *Gonzalez* held that a Rule 60(b) motion in a habeas case should be construed as a second or successive petition if it presents a "claim" for relief, such as a new claim or an attack on the court's previous resolution of a claim on the merits. The motion should be construed under Rule 60(b) if neither the motion nor the judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction. 545 U.S. at 532–33; *West*, 485 F.3d at 394. Altman's habeas case was dismissed back in 1998 at Altman's request, not based on the merits, and Altman's motions argue issues of procedural default. Therefore, the court treated the motions under Rule 60(b). But reasonable jurists could argue about the correct procedural treatment of the motions, even if all would decide that Rule 60(b) was the proper construction.

4

for a certificate of appealability. § 2253(c)(2); *see West*, 485 F.3d at 395 ("[Q]uestions of statutory interpretation . . . do not qualify for a certificate, because they do not concern the Constitution").

MOTION FOR LEAVE TO PROCEED WITHOUT PAYMENT OF THE FEES

Apparently due to Altman's filing of notices of appeal in the district court and Seventh Circuit, two separate appeals were docketed. Altman then filed a motion for leave to proceed in forma pauperis, i.e., without paying the appellate filing fees. (Doc. 36.) Thereafter, he dismissed one of the appeals voluntarily. Initially this court denied the motion for leave to proceed in forma pauperis as moot because of the voluntary dismissal of the appeal, failing to realize that the other appeal remained pending. Therefore, the court will address the fee motion on the merits.

Title 28 U.S.C. § 1915(a)(1) authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. Section 1915(a)(3) adds that an appeal may not be taken in forma pauperis if the district court certifies in writing that the appeal is not taken in "good faith." Further, back in April 1998 the court granted leave to proceed in forma pauperis in the district court. A party permitted to proceed in forma pauperis in the district court may proceed on appeal without further authorization unless the district court certifies that the appeal is not taken in "good faith" and states in writing its reasons for that certification. Fed. R. App. P. 24(a)(3)(A).

"Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*,

5

209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit, *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988).

Altman's tardy motions had no meritorious basis for being granted. Moreover, no reasonable person could suppose Altman's appeal of the denials to have any merit, either. Thus, pursuant to 28 U.S.C. §1915(a)(3), the court certifies that the appeal is not taken in good faith and determines that Altman should not proceed in forma pauperis on appeal.

## CONCLUSION

For the reasons set forth above,

IT IS ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that petitioner's request for in forma pauperis status on appeal (Doc. 36) is denied on the merits, as the court certifies that the appeal has not been taken in good faith.

Dated at Milwaukee, Wisconsin, this 16th day of February, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE